## THE SURF.

(District Court, S. D. New York. October 8, 1904.)

1. COLLISION—DEFENSE OF INEVITABLE ACCIDENT.

To exonerate a vessel from liability for a collision on the ground of inevitable accident, it must have occurred without any fault on her part, and notwithstanding the exercise of due care and a proper degree of nautical skill.

2. SAME—STEAM VESSELS MEETING—WRONG POSITION OF VESSEL IN RIVER.

A steam yacht was proceeding westward through Hell Gate so near the shore that she was compelled to sheer out in order to pass other vessels, when her bow was caught by the flood tide, and she was unable to avoid collision with a meeting tug having two tows, which was 500 feet out from shore, and on her proper course to pass in accordance with their agreement by signal. Held, that the collision was not the result of inevitable accident but of negligent navigation of the yacht in the beginning and that she was liable for the resulting injury.

In Admiralty. Suit for collision.

James J. Macklin, for libelant.

Black & Kneeland, for claimant.

ADAMS, District Judge. This action was brought by William E. Barber, as managing owner of the steamtug West Farms, to recover for the damages suffered by that tug from a collision with the steam yacht Surf on the 25th day of August, 1903, at about 8:30 o'clock in the morning, in Hell Gate, East River.

The tug was proceeding eastward through the Gate with two canal boats lashed to her port side. The Surf was proceeding westward, close to the shore, and collided with the tug, striking her about 500 feet off Hallets Point, with some force and doing damage which, it is claimed, amounted to about $2,000. The weather was pleasant and the tide running flood.

When the tug was about passing Hallets Point, some 500 feet off, the Surf swung out from the shore, which she was passing about 100 feet off, and struck with her stem the tug on her starboard side, doing the damage complained of. The vessels had by signals agreed upon a two whistle course, which was kept by the tug but the yacht's sudden swing was in violation of the agreement. No fault is charged against the tug but the yacht claims that owing to the presence of other vessels in her immediate vicinity, she could not avoid the course she pursued and that the collision was inevitable.

¶ 1. See Collision, vol. 10, Cent. Dig. § 19.

In order to prevail with such a defense, it is necessary for the yacht to establish that the collision occurred without any fault on her part and notwithstanding the exercise of due care and caution and a proper display of nautical skill. Union Steamship Co. of Philadelphia v. New York & Virginia Steamship Co., 24 How. 307, 16 L. Ed. 699. It is there said (page 313, 24 How., 16 L. Ed. 699) quoting from the Juliet Erskine, 6 Notes of Cases, 634, that it is not an inevitable accident "where a master proceeds carelessly on his voyage, and afterwards circumstances arise, when it is too late for him to do what is fit and proper to be done." Here the yacht in the beginning was proceeding too close to the shore and it is not a sufficient excuse for her colliding with an innocent vessel, that other vessels forced her to sheer out to avoid collision with them. The original difficulty was that the yacht took a wrong position in the river in going too close to Hallets Point, instead of keeping out in the true tide, with the result that when she sheered out, the tide caught her on her port bow, forced her out about 400 feet and rendered her helpless to avoid the collision, though she attempted to do so by reversing. It is not a case of inevitable accident but of negligence. Bouker v. The Delaware, 30 Fed. Cas. 970.

Decree for the libelant, with an order of reference.