## THE LUZERNE.

### (District Court, S. D. New York. September 21, 1906.)

1. COLLISION—TUGS WITH TOWS MEETING—INEVITABLE ACCIDENT.

   The tug Luzerne with a car float 100 feet long on her port side was proceeding up the East river on a slack tide and at moderate speed when she met another tug with tows on a hawser coming down on a parallel course about 300 feet distant to port, and, the Luzerne sheering from her course to port, the float struck and sunk one of the descending tows. The evidence showed that just before the sheer an overtaking schooner came up on the starboard side of the Luzerne, which changed her course slightly to port to avoid a collision, but a collision immediately followed, and the impact of the schooner caused the Luzerne and her tow to sheer still further until the float struck the descending tow. The Luzerne was in no way in fault for the collision with the schooner. *Held*, that the collision between the float and libelants' vessel was due to inevitable accident, for which the Luzerne was not liable.

   [Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Collision, §§ 19, 236½, 296.]

2. SAME—VIOLATION OF STAND-BY ACT.

> The failure of a vessel to stand by after collision, as required by Act Sept. 4, 1890, c. 875, 26 Stat. 425 [U. S. Comp. St. 1901, p. 2902], merely places upon her the burden of proof in a suit for the collision.
>
> [Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Collision, § 232.]

In Admiralty. Suit for collision.

James J. Macklin, for libellant.

Butler, Notman & Mynderse, for the Luzerne.

ADAMS, District Judge. This action was brought by William Butler, the owner of the boat Anna Daly, to recover the damages sustained through the sinking of that boat from a collision in the East River, about opposite pier 4, on the 12th day of October, 1905, about 2:30 o'clock in the afternoon. The tide was slack and there was a strong wind blowing from the north-west.

The Daly was in tow of the tug Walter Tracy, on a hawser of about 75 fathoms in length, in company with three other boats, the Daly being the port boat in the second tier. They were proceeding at the rate of 4 or 5 miles. The Luzerne, with a carfloat about 200 feet long, extending about 100 feet ahead of the tug's stem, the latter's stern being even with the float's, was proceeding up the river at the rate of 6 or 7 miles. Both tows were near the middle of the river, the Luzerne and tow being about 300 feet nearer the Brooklyn shore than the Tracy and tow, which was following straight behind the tug. The float struck the Daly a severe blow on the port side, which caused her to sink almost immediately.

No fault is shown or alleged against the Daly or Tracy, but the Luzerne claims that the accident was inevitable because an overtaking schooner caused her to sheer to port, first by the use of her helm, about 150 feet, and the remainder of the distance through an impetus given to the Luzerne and float by collision with the schooner, which was sailing much faster than the tug and tow were going, and sheered towards them by reason of losing control of her movements through the head sails becoming becalmed and the after sails in the strong wind turning her to port.

This account of the collision is sustained by several persons on the tug and tow but it seemed that the claim of the tow being pushed by a relatively small schooner was so improbable, especially as the impact of the collision was between the bows of the schooner and the tug, that I was first disinclined to believe such account. Since the trial, however, I have examined the testimony of an East River and Long Island Sound pilot navigating on a towed schooner behind the tug and tow, taken out of court, and he fully corroborates the contention. No reason appears in the record for discrediting this witness and what he says seems to be true. The situation appears to have been that the Luzerne was proceeding properly up the river without danger of collision with the Tracy's tow when the overtaking schooner suddenly appeared and came too close to the Luzerne. Danger of collision was thus at once created and actual collision almost immediately followed with the disastrous results. It is strongly urged that the accident was inevitable and the tug without fault.

I think this claim must be sustained. The fact of the float being forced against the Daly is shown by too many witnesses to be disregarded. It does seem improbable that collision with a small schooner could have produced the effect claimed yet that it did so is proved not only by the testimony of the witnesses, one of whom was a competent observer and entirely disinterested, but by other circumstances. The libel states that the collision happened by the Luzerne proceeding across the river and invokes the starboard hand rule as a fault on the part of the Luzerne. This also shows the change to port and I now have no doubt about the turning of the tug and float somewhat across the river. Their turning slightly to port under the helm was not sufficient to bring about the contact but the striking of the schooner apparently did turn them several more points and the collision with the Daly was thus produced.

No fault appears upon the part of the tug. She was put in a critical and dangerous position by the tortious act of a third vessel and did the best she could under the circumstances. She attempted to warn the schooner off by whistle signals without effect, and just in the collision she stopped her engines. She could not reverse before because it would have thrown her tow across the schooner's bow and perhaps produced a more harmful collision in that way. The schooner would then have struck the float or tug a head on, or nearly head on, blow with perhaps fatal results to both vessels.

The contention for the exoneration of the tug is supported by several well considered English cases (The Thornley, 7 Jurist. pt. 1, 659; The Hibernia, 4 Id. N. S. pt. 1, 1244; The Marpesia, L. R. 4 Privy Council Appeals, 212) and it is in accord with general principles. The libellant cites The Surf (D. C.) 132 Fed. 880, where the plea of inevitable accident was rejected but there the vessel on whose behalf the plea was urged was originally in fault for being too close to the shore and it was held that she could not under such circumstances be excused because she was forced out from the shore into a proper position.

The libellant also urges the Act of September 4, 1890, c. 875, 26 Stat. 425 [U. S. Comp. St. 1901, p. 2902], requiring colliding vessels to stand by until it appears that assistance is not required. The Luzerne here did not comply with the terms of the Act but that merely put upon the vessel failing to stand by the burden of showing that she was not responsible for the collision, The Hercules, 80 Fed. 998, 26 C. C. A. 301, and the evidence here is sufficient to sustain that burden.

Libel dismissed.